| | |
|---|---|
| 9th JUDICIAL DISTRICT COURT<br>GARFIELD COUNTY, COLORADO<br>109 8th St., Suite 104<br>Glenwood Springs CO 81601 | ⇑ COURT USE ONLY ⇑ |
| NORMAN and CANDIS TAI,<br>    Plaintiffs,<br><br>THE INTERNAL REVENUE SERVICE,<br>& SUSAN MEREDITH, R.A. MITCHELL,<br>M. COX, JASON BLOUCH,<br>REVENUE AGENTS,<br>    Defendants | Case no.: _____<br><br>Div.: _____  Ctrm.: _____ |
| Norman and Candis Tai, w/o attorney<br>131 Ermine Ln, Carbondale, CO 81623<br>970-704-1068 | |

## VERIFIED COMPLAINT

Plaintiffs, Norman and Candis Tai, such Plaintiffs living at 131 Ermine Lane, Carbondale, Colorado, by way of Complaint against Defendants say:

### COUNT ONE

1. On March 23, 2009 Defendants caused to be recorded and filed in the Garfield County Clerk's office and at the Secretary of State's office a notice of lien for $30,703.08.

2. Defendants violated Colorado Revised Statutes related certification of Notices of Federal Tax Lien on Plaintiffs' property and did further violate Title 26 of the United States code (hereinafter referred to as "IRC") including, but not limited to, IRC § 7403, 6323 (f), and 6331, Title 28 §§ 3201, 3200, and the [2107] Uniform Federal Lien Registration Act, Chapter 176-Federal Debt Collection Procedure Act, whereby Lien and/or Levy is made.

3. No Lien or Levy has been made in this instant case and the title to Plaintiffs' property has been wrongfully clouded by the reckless and illegal actions of Revenue Agents of the U.S. Government (IRS).

4. The federal government has ceded jurisdiction on the filing of Federal Tax Liens to the State, per IRC 6323 (f) and the Defendants have violated the State Statute controlling the recording of Federal Tax Liens and/or Levies.

5. Defendants, THE INTERNAL REVENUE SERVICE, and IRS agents herein above named, have violated IRS § 7403 by not bringing Lien and/or Levy action to the U.S. Attorney to prosecute an action in the U. S. District Court. Instead Defendants overreached their authority by causing to have said Liens and/or Levies recorded and filed in the State of Colorado without the appropriate Court Order, Judgment, Certification, etc. as mandated by Colorado Federal Lien Registration Act 38.25.101 through 104 (See **Schulz v. IRS 413 F.3d 297 C.A. 2 (NY), (2005)**)

6. Defendants have taken this action without delegated authority from the Secretary of the Treasury. Defendants are Revenue Agents and are required to be knowledgeable of the Internal Revenue Code and their job description; therefore they are presumed to be aware of the absolute fact that they are only authorized to work in Subtitle E taxes, and then only in an administrative capacity and not in an enforcement one. Revenue agents do not possess an enforcement pocket commission, only an administrative one and they have knowingly and blatantly exceeded their authority.

7. Plaintiff charges that the Defendants engaged in violating Colorado Revised Statutes, Internal Revenue code, the [2107] Uniform Federal Lien Registration Act, the Federal Tax Lien Act of 1966, Public Law 89-719, 80 Stat. 1125.

8. Defendants are not authorized by the Internal Revenue Code to issue such Liens and/or Levies or any enforcement instruments and said Liens and/or Levies by law can only be issued and served by Officers of the BATF (i.e. Bureau of Alcohol, Tobacco and Firearms).

## COUNT TWO

9. On June 23, 2010 Defendants caused to be recorded and filed in the Garfield County Clerk's office and at the Secretary of State's office a notice of lien for $27,461.68.

10. Paragraphs 2 through 8 above are re-alleged as though fully set forth herein relating to Count Two.

## COUNT THREE

11. On November 8, 2012 Defendants caused to be recorded and filed in the Eagle County Clerk's office a notice of lien for $108,079.04.

12. Paragraphs 2 through 8 above are re-alleged as though fully set forth herein relating to Count Three.

## COUNT FOUR

13. On November 8, 2012 Defendants caused to be recorded and filed in the Secretary of State's office a notice of lien for $75,996.61.

14. Paragraphs 2 through 8 above are re-alleged as though fully set forth herein relating to Count Four.

## COUNT FIVE

15. On December 24, 2012 Defendants caused to be recorded and filed in the Eagle County Clerk's office and at the Secretary of State's office a notice of lien for $7,898.26

16. Paragraphs 2 through 8 above are re-alleged as though fully set forth herein relating to Count Five.

All being more fully reflected in "Exhibit A #1-5" annexed hereto and hereby made a part hereof.

WHEREFORE, Plaintiffs demand that the Liens and Levies be vacated.

_Norman Tai_ (signature)
Norman Tai

_Candis Tai_ (signature)
Candis Tai

STATE OF COLORADO   )
                    ) ss
County of EAGLE     )

On this __5th__ of __MARCH__, 2013, before me personally appeared Norman and Candis Tai, known by me or proved to me by satisfactory evidence to be the people described in and who executed the foregoing "Verified Complaint" and they duly acknowledged to me that they executed the same as their voluntary act and deed.

_Mary Ann_ (signature)
Notary Public
MARY R. BROOKS
Printed name

MARY R. BROOKS
NOTARY PUBLIC
STATE OF COLORADO

My commission expires: 09-10-2015        Dated: 03-05-2013

TAI V. IRS                Page 3 of 3            VERIFIED COMPLAINT