# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

NORMAN TAI, CANDIS TAI,

|  |  |
|---|---|
| Plaintiffs, | Civil No.  1:13-cv-00766-RM-BMB |
| v. | |
| THE INTERNAL REVENUE SERVICE, SUSAN MEREDITH, R.A. MITCHELL, M. COX, JASON BLOUCH | (Removed from District Court for Garfield County, Colorado) |
| Defendants. | |

---

## REPLY TO RESPONSE TO UNITED STATES' MOTION TO DISMISS

---

COMES NOW the United States of America ("United States"), through undersigned, and replies to Plaintiffs' Response to the United States' Motion to Dismiss (consisting of Nos. 20, Response; 21, Mot. to Deny Mot. to Dismiss; 22, Cert. of Serv.).

## INTRODUCTION:

The Internal Revenue Service ("Service") notified Plaintiffs of certain unpaid federal income tax (Form 1040) liabilities and related § 6702 frivolous filing penalties.  Plaintiffs failed to pay the proposed deficiency or pursue an appeal.  Thereafter, the Service made assessments that, by operation of law, created federal tax liens.  The Service gave the public notice of the liens by filing Notices of Federal Tax Liens ("Notices") with state officials.  In response, Plaintiffs filed this action to void the Notices and enjoin further collection.  Plaintiffs, however, never contest their actual liabilities.  Instead, Plaintiffs offer only tax protestor pleas to limit the sovereign's power to lay and collect revenue.  As such, the Court should dismiss the individual defendants and the Service, substitute the United States in their place, and then dismiss Plaintiffs' claims with prejudice.

## BACKGROUND & PROCEDURAL HISTORY:

In addition to the background and procedural history set forth in its motion to dismiss, s*ee* No. 13-1 at 2, the United States offers the following:

On May 21, 2013, Plaintiffs requested additional time to respond to the United States' May 3, 2013 motion to dismiss.  No. 16.  The Court granted that on May 22, 2013.  No. 19.

On June 7, 2013, Plaintiffs filed a Response to the United States' Motion to Dismiss, a Motion to Deny the United States' Motion to Dismiss, and an accompanying Certificate of Service.  *See* Nos. 20, 21, 22.  Plaintiffs conceded that their original Complaint and federal law "do not match up."  *See* No. 20 at 1.  Plaintiffs nonetheless claimed to have a quiet title action under 28 U.S.C. § 2409(a) and § 2410.  *Id*.  In support, Plaintiffs offer two theories.  First, Plaintiffs claim that the Service never sent pre-assessment Notice and Demand letters.  No. 20 at 3-4.  Second, Plaintiffs challenge the procedures used in making the assessments.  No. 20 at 4.  Importantly, however, Plaintiffs never oppose the United States' contention that (1) Plaintiffs failed to perfect service; (2) Plaintiffs named improper parties; and (3) sovereign immunity bars all of Plaintiffs' claims completely.  *See generally* No. 20.

On June 7, 2013, the Court issued an Order directing the parties to file a Joint Status Report.  No. 23.  The parties conferred telephonically on that date and scheduled a telephone conference for June 10, 2013.  Plaintiffs later cancelled that conference on June 9, 2013.

On June 11, 2013, Plaintiffs filed a motion asking the Court to extend the deadline for filing a Joint Status Report.  No. 24.  Plaintiffs conceded that, "the Original Complaint filed by the Plaintiffs is flawed" and asked that the Court grant Plaintiffs "time to adjust and file into this Court an Amended Complaint."  No. 24 at 1.

On June 12, 2013, the Court granted Plaintiffs' motion to extend the deadlines for filing a Joint Status Report, and set a new deadline of July, 8, 2013.  No. 25.

## ARGUMENT:

## 1.  PLAINTIFFS NEVER OPPOSE THREE VALID GROUNDS FOR DISMISSAL.

Plaintiffs never oppose three of the United States' four arguments for dismissal. Plaintiffs never pretend that they perfected service.  Plaintiffs offer no excuse for naming improper parties.  And Plaintiffs never identify any part of their Complaint that shows a valid waiver of sovereign immunity.  Thus, the Court should find those arguments unopposed, grant those portions of the motion, and dismiss Plaintiffs' Complaint with prejudice.

## 2.  PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF.

### A.  Plaintiffs failed to meet their burden on this Rule 12(b)(6) motion.

Plaintiffs never identify any plausible factual allegations in their Complaint, meaning factual allegations from which the Court could reasonably infer liability.  In the face of the United States' Rule 12(b)(6) motion, Plaintiffs had that burden.  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-1215 (10th Cir. 2011); *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring) (holding Rule 8(a) requires that pleadings give fair notice of the alleged misconduct).  Plaintiffs had to show that in their Complaint they alleged "exactly who is alleged to have done what to whom." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (emphasis added).  Absent that showing, the Court cannot regard Plaintiffs' claims as plausible, meaning sufficiently factual to let the Court reasonably infer liability.  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Plaintiffs concede that much.  Plaintiffs admit that their Complaint and federal law *do not match up*.  *See* No. 20 at 1.  Plaintiffs claim to have a quiet title action.  *Id.*  As explained below,

Plaintiffs cannot defeat a motion to dismiss by alleging a new quiet title action in their Response. *See* Part B *infra*. Instead, for the Court to fairly regard the claims in Plaintiffs' Complaint as plausible, Plaintiffs had to show that they alleged in their Complaint "exactly who is alleged to have done what to whom." *Robbins*, 519 F.3d at 1247; *Ridge at Red Hawk, LLC*, 493 F.3d at 1177. Plaintiffs failed to meet that burden, and the Court should dismiss their Complaint under Rule 12(b)(6).

### B. Plaintiffs failed to state a valid quiet title action against the United States.

#### i. Plaintiffs failed to show a valid waiver of sovereign immunity.

Plaintiffs must show that the United States consented to be sued. *United States v. Testan*, 424 U.S. 392, 398 (1976); *Normandy Apts., Ltd. v. United States*, 554 F.3d 1290, 1295 (10th Cir. 2009); *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). The Court should construe the statutory waivers in § 2409a and § 2410 narrowly, and resolve doubts in the sovereign's favor. *United States v. Nordic Village*, 503 U.S. 30, 34 (1992); *United States v. Dalm*, 494 U.S. 596, 608 (1990). That means *inter alia* that Plaintiffs must show that they fulfilled each cause of action's prerequisites. *See*, *e.g.*, *Lonsdale*, 919 F.2d at 1443.

Here, Plaintiffs never show that they satisfied any statutory prerequisites for any cause of action, much less a quiet title action under § 2409a or § 2410. *See*, *e.g.*, 28 U.S.C. § 2409a(a) (precluding quiet title actions related to security interests or that may be brought under § 2410); *id*. at (d) (requiring particularity in the Complaint); § 2410(b) (requiring particularity in the Complaint and perfected service on the United States); *see also Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992)); *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003); *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *Overton v. United States*, 925 F.2d 1282, 1285 n1 (10th Cir. 1991). Plaintiffs' failure to adhere to those prerequisite conditions means

they cannot show a valid sovereign immunity waiver, and the Court should hold that sovereign immunity bars Plaintiffs' claims.

### ii. Plaintiffs' claims exceed the narrow scope of quiet title jurisdiction.

Plaintiffs' claims exceed the narrow scope of jurisdiction that Congress created for the quiet title cause of action. Plaintiffs pretend to assert a quiet title action. No. 20 at 1. Plaintiffs' allegations, however, tell a different story. Plaintiffs only attack the tax assessments. *First*, Plaintiffs claim that the Service never issued Notice and Demand letters, and that "no notice can be recorded until there has been a demand by the collector and a refusal to pay it." No. 20 at 2-4. *Second*, Plaintiffs say the Secretary of the Treasury ("Secretary") ignored "unambiguous" laws that limit the Service's ability to make assessments. No. 20 at 4. Neither theory provides any basis for voiding a federal tax lien or maintaining a quiet title action in federal court.

To be sure, ever since Congress amended § 2410, taxpayers have attempted to make up for a failure to timely contest their tax liabilities in this way. In 1965, the Second Circuit considered and rejected this precise tactic soundly. The Second Circuit held that:

> the prime purpose of § 2410(a) . . . was to permit joinder when the lien of the United States was junior to that being foreclosed; in such cases the validity of the Government lien would generally be irrelevant. When the suit was brought by a junior lienor, the statute concededly permitted inquiry into the validity of the lien itself, as distinct from the underlying assessment, through [1] attacks on procedural irregularity, [2] on liens filed against property of a person other than the one against whom the tax had been assessed, [3] on Government liens asserted to be prior but contended not to be, and [4] on liens which had in fact been eliminated but not discharged of record.

> But we cannot take the general language of [26 U.S.C. § 2410] as intended to overturn . . . the longstanding principle that, except as provided in § 6213 with respect to review of determinations of deficiencies in income, gift and estate tax by the Tax Court, a person whose sole claim is that a federal tax assessment was not well grounded in fact and law must "pay first and litigate later."

*Falik v. United States*, 343 F.2d 38, 41-42 (2d Cir.1965) (citing *Flora v. United States*, 362 U.S. 145, 164 (1960); House Bill, H.R.Rep. No. 95, 71st Cong., 2d Sess. 1-2 (1929); Comment, 71 Yale L.J. 1329, 1339-41 (1962)).  Plaintiffs quote similar authorities.  *See* No. 20 at 4.

The Tenth Circuit interprets quiet title actions equally narrowly.  In *Lonsdale v. United States*, for example, the Tenth Circuit held that "this and other courts have rejected attempts by taxpayers to invoke [§ 2410] for the purpose of circumventing the time honored 'pay first, litigate later' rule, by framing their contest of the Government's tax assessment or collection actions in the guise of a quiet title action."   919 F.2d 1440, 1443 (10th Cir. 1990) (citing *Schmidt v. King*, 913 F.2d 837 (10th Cir. 1990); *Falik v. United States*, 343 F.2d 38 (2d Cir. 1965)).  The Tenth Circuit rejected the taxpayer's use of § 2410 jurisdiction for reviewing the tax assessment or the Service's procedures.  *See id*.  The Tenth Circuit held that, "whatever narrow jurisdiction may lie under § 2410 does not extend to an omnibus challenge to the authority of the Internal Revenue Service to function."  *Id*.  "[T]he primary application of Section 2410(a)(1) is to allow joinder of the Government to settle 'the traditional controversy in which a private party asserts an ownership which is superior to the claimed lien of the United States.'"  *Id.*

Plaintiffs' claims cannot fit within the narrow scope of a quiet title action any more than the claims at issue in *Schmidt v. King*.  913 F.2d 837, 838 (10th Cir. 1990).  In that case, the taxpayers did not file tax returns and ignored opportunities to timely litigate in Tax Court.  *Id*. Years later, after the Service initiated administrative collection, the taxpayers filed a suit in district court against both the Service and its officers.  *Id.*  The taxpayers sought "damages for assessing and collecting taxes and seizing and selling their property, and injunctive and declaratory relief to prevent the [Service] from engaging in future collection activities."  *Id*.  As Plaintiffs have in this action, the taxpayers in *Schmidt* claimed that the Service made unlawful

assessments, failed to adhere to procedure, and failed to issue the required Notice and Demand. *See id*. The district court made factual determinations related to the Notice and Demand as part of two summary judgment motions. *Id*. at 839.

The Tenth Circuit reversed, holding that the district court lacked jurisdiction under § 2410 to void the liens or review assessment related questions. *Id*. Jurisdiction under § 2410, the court held, "must be read narrowly" and "may not be construed as permitting a collateral attack on the merits of a tax assessment." *Id*. The court recognized that the taxpayers framed their suit as a challenge to the procedural validity of the tax liens. *Id*. The Tenth Circuit, however, held that the taxpayers' actual allegations attacked the Service's assessment of tax, both procedurally and through the alleged failure to issue Notice and Demand letters. *Id*. The Tenth Circuit held that § 2410 provided no jurisdiction for such a suit, and that the taxpayers had to "pay their taxes first before filing an action in district court." *Id*. (citing *Falik*, 343 F.2d at 42-43).

Plaintiffs' claims appear identical to those asserted by the taxpayers in *Schmidt*, and for that reason the Court lacks jurisdiction to take up Plaintiffs' new claims under § 2410. *See id*. at 839. Section 2410 provides no jurisdiction for reviewing the process used by the Service for making the underlying assessments. *Id*. (citing *Falik*, 343 F.2d at 42-43). As such, the Court should grant the United States' motion and dismiss Plaintiffs' Complaint.

### iii.   Plaintiffs' identify no factual allegations in support any quiet title action.

Putting aside the narrow scope of quiet title jurisdiction, Plaintiffs failed to meet their burden on this Rule 12(b)(6) motion for stating a valid quiet title action. Plaintiffs never identified any factual allegations in their Complaint that support such an action. Plaintiffs had to show that in their Complaint they "make clear exactly who is alleged to have done what to

whom." *Robbins*, 519 F.3d at 1247; *Ridge at Red Hawk, LLC*, 493 F.3d at 1177.  Conclusory

legal statements offer no basis for the Court to *reasonably* infer liability.  *Id.*

Here, the only factual allegation that Plaintiffs identify as supporting their quiet title

action consists of the naked claim in their Response that the Service never issued Notice and

Demand letters.  *See* No. 20 at 2-3.  Even if that allegation could be considered part of Plaintiffs'

pleadings,[1] under *Schmidt* that alleged fact goes to the tax assessment rather than any issue

material to a quiet title action.  *Schmidt*, 913 F.2d at 838-39.  As such, Plaintiffs failed to identify

any factual allegations that support a quiet title action.  *See* No. 20-4.  Thus, independent of the

jurisdictional defects, the Court should find that Plaintiffs offer no factual allegations in support

of their claims in their Complaint.

## 3.  PLAINTIFFS REMAINING ALLEGATIONS LACK MERIT.

In the remainder of their Response, Plaintiffs assert various theories related to purported

limitations on the United States' power to lay and collect taxes.  *See generally* No. 20 at 4-22.

This and other courts have rejected such theories as typical tax protestor gibberish.  *See*, *e.g.*,

*United States v. Berryman*, 2012-2 U.S. Tax Cas. (CCH) P50,514, *11-12 (D. Colo. 2012) (Mix,

M.J.) (holding "Congress has authorized the Secretary of the Treasury or his or her delegate to

---

[1] As a matter of law, neither that new allegation nor the exhibits attached to Plaintiffs' Response have bearing on this Rule 12 motion to dismiss.  *See* Fed. R. Civ. P. 12(d); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (insisting that "*pro se* parties follow the same rules of procedure that govern other litigants").  Although not relevant, Plaintiffs' exhibit No. 20-4 nonetheless illustrates that no inequity results from dismissal.  Plaintiffs have had ample opportunity to defend their interests.  First and foremost, Plaintiffs could have filed their Form 1040s, as required by 26 U.S.C. § 7203.  Second, Plaintiffs could have challenged the Service's assessments in the proper forum.  These letters put Plaintiffs on notice that the Service "determined that there is a deficiency (increase) in your income tax" and that the "letter is your NOTICE OF DEFICIENCY, as required by law."  *See*, *e.g.*, No. 20-4 at 13.  The letters informed Plaintiffs that they could challenge the Service's assessments by "fil[ing] a petition with the United States Tax Court."  *Id.*  For Norman Tai, the Plaintiffs had 90 days to contest the 2003 liabilities beginning on October 1, 2007 and 90 days to contest the 2004 and 2005 liabilities beginning on November 13, 2007.  *Id.*  For Candis Tai, Plaintiffs had 90 days to contest the 2003 and 2004 liabilities beginning on June 11, 2007, 90 days to contest the 2005 liabilities beginning on September 28, 2009, and 90 days to contest the 2006 liabilities beginning on January 13, 2010.  *Id.*  Even now, rather than a quiet title action, Plaintiffs could bring a civil action for refund, provided they can meet the statutory prerequisites.  *See*, *e.g.*, 26 U.S.C. § 7422(a); Treas. Reg. §§ 301.6402-2, 301.6402-3; *see also United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269 (1931).

file notices of federal tax liens," and finding tax protestor arguments to the contrary "without

merit" (citing 26 U.S.C. §§ 6323(a); 7401; 7701(a)(11)(B); 7701(a)(12)(A)(I); § 7803(a)(2);

*Acevedo v. United States*, No. 4:08cv248, 2008 U.S. Dist. LEXIS 39984, at *2 (E.D. Mo. May

16, 2008) (same); *Fairchild v. I.R.S.*, 450 F. Supp. 2d 654, 659 (M.D. La. Aug. 1, 2006) ("The

authority of IRS employees is derived from the entirety of the Internal Revenue Code (not just

Subtitle E), Treasury Regulations and other redelegations of authority"); *United States v.

Bodwell*, No. Civ. S-95-1906, 1996 U.S. Dist. LEXIS 11217, at *5 n.7 (E.D. Cal. July 26, 1996)

(Defendant's "argument that the suit is not authorized because 26 U.S.C. § 7401 is rooted in the

Federal Regulations concerning the Bureau of Alcohol, Tobacco and Firearms has been flatly

rejected by the Ninth Circuit").

      In any case, any review of Plaintiffs' remaining arguments shows they cannot be

regarded as plausible.  Aside from the apparent legal errors, Plaintiffs never identify any

supporting factual allegations in their Complaint from which the Court could reasonably infer

liability.  As such, on this Rule 12(b)(6) motion, Plaintiffs claims should be dismissed.  *See Kan.

Penn Gaming, LLC*, 656 F.3d at 1214-1215; *Pace*, 519 F.3d at 1076.

## 4.   CONCLUSION – THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT.

      The Court should grant the United States' motion and dismiss Plaintiffs' Complaint.

Plaintiffs failed to prefect service, named improper parties, cannot show a valid waiver of

sovereign immunity, and never state a plausible claim for which relief may be granted.

Respectfully Submitted,

KATHRYN KENEALLY
Assistant Attorney General

 /s/ Lee Perla                              _
LEE PERLA
Trial Attorney
U.S. Dept. of Justice
P.O. Box 683
Washington, D.C. 20044
Lee.Perla@usdoj.gov
*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this date, service on the parties of the foregoing has

been made by depositing copies of the same in the United States First Class Mail in a postage

prepaid envelope addressed to the following:

      Mr. Norman Tai
      Ms. Candis Tai
      131 Ermine Lane
      Carbondale, CO 81623
      Tel:  970-704-1068

                                     /s/ Lee Perla
                                     LEE PERLA
                                   Trial Attorney
                                   U.S. Dept. of Justice