IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00766-RM-BNB

NORMAN TAI, and
CANDIS TAI,

Plaintiffs,

v.

THE INTERNAL REVENUE SERVICE,
SUSAN MEREDITH,
R.A. MITCHELL,
M. COX, and
JASON BLOUCH,

Defendants.

_____

# ORDER

_____

This matter arises on the following:

(1)   The defendants' **Motion to Dismiss** [Doc. #13, filed 05/03/2013] (the "Defendants'

Motion"); and

(2)   The plaintiffs' **Motion to Enter Order** [Doc. #21, filed 06/07/2013] (the "Plaintiffs'

Motion").[1]

The Defendants' Motion is DENIED without prejudice and the Plaintiffs' Motion is

DENIED as moot.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings.  Haines

v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

_____

[1]The Plaintiff's Motion requests "an order to deny Defendant's [sic] Motion."

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This action was removed from the Garfield County District Court on March 25, 2013. The plaintiffs are suing the Internal Revenue Service ("IRS") and three Revenue Agents for causing notices of liens to be recorded and filed in Garfield County, Eagle County, and the Office of the Secretary of State. *Verified Complaint* [Doc. #1-1], pp. 2-4.[2]  The notices relate to the IRS's assessment of federal income tax liabilities and penalties for the 2003, 2004, 2005, 2006, and 2008 tax periods. *Notices of Federal Tax Lien* [Doc. 1-1], pp. 34-38.  The plaintiffs assert that the defendants violated state and federal law, including the Internal Revenue Code and the Federal Debt Collection Procedure Act.

The defendants seek dismissal on several bases, including the plaintiffs' failure to effect proper and timely service of process. *Defendants' Motion*, pp. 2-3.  The plaintiffs are suing an agency of the United States and employees of the United States. *Complaint*, pp. 1-3.  Rule 4 of the Federal Rules of Civil Procedure provides that service on the United States and its agencies and employees shall be made as follows:

> (1) United States.  To serve the United States, a party must:
>
> (A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

---

[2]Citation to the state court documents is to page numbers as assigned by this court's docketing system.

2

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.  To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) Officer or Employee Sued Individually.  To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(2) and (3).

Under Rule 4(e), Fed. R. Civ. P.:

an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

(C) delivering a copy of each to an agent authorized by
appointment or by law to receive service of process.

On May 21, 2013, the plaintiffs filed a "Certificate of Service and Proof of Delivery"

[Doc. #17] indicating that on March 7, 2013, they complied with the service requirements of

Rule 105.1, Colo. R. Civ. P.  Colorado Rule 105.1 addresses the procedure for challenging

spurious liens.

Section 38-35-204, C.R.S., provides an expedited process to challenge spurious liens.

Section 204 provides in pertinent part:

> 1) Any person whose real or personal property is affected by a
> recorded or filed lien or document that the person believes is a
> spurious lien or spurious document may petition the district court
> in the county or city and county in which the lien or document was
> recorded or filed or the federal district court in Colorado for an
> order to show cause why the lien or document should not be
> declared invalid.

Colorado Rule 105.1 provides that "[t]he petitioner shall issue a notice to respondent

setting forth the time and place for the hearing on the show cause order" and that the notice

"shall be served by the petitioner on the respondent . . .  by (1) mailing a true copy thereof by

first class mail to each respondent at the address or addresses stated in the lien or document . . .

."  The limited purpose of the show cause hearing is for the court to determine if the lien is

spurious.[3]  Therefore, the service requirements of Colorado Rule 105.1 are unique to a spurious

lien challenge; service of process for claims other than spurious liens is controlled by Rule 4.

---

[3]A spurious lien is one that "[i]s not provided for by a specific Colorado or federal statute
. . . ." C.R.S. § 38-35-201(4)(a).  Federal tax liens, however, are provided for by 26 U.S.C. §
6321.

4

The plaintiffs did not respond to the defendants' service of process argument, *Opposition to Motion to Dismiss* [Doc. #20], and they have made no showing that they served the defendants pursuant to Rule 4.  Without proof of service, the court lacks personal jurisdiction over the defendants.  See Oklahoma Radio Associates v. F.D.I.C., 969 F.2d 940, 943 (10th Cir. 1992) (stating that "Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served").

Moreover, a petition to remove to federal court does not constitute a general appearance sufficient to waive objections to jurisdiction.  See Barton v. Horowitz, No. Civ. A. 97 N 1980, 1999 WL 502151, at *7 n. 1 (D. Colo. Mar. 11, 1999) (collecting cases); 28 U.S.C. § 1446(b) ("requiring that the notice of removal be filed within 30 days after receipt "through service or otherwise" of a copy of the initial pleading) and *Commentary on 1988 Revision of Section 1446*, "Does 30-Day Period for Removing Start from Any Service That Gives Notice, or Only from Proper Service?" (stating that "[i]f there's a defect of service in the case under state law, the defendant may raise that issue before the federal court after removal (and seek dismissal based on it)"); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (Civil 3d 2002) ("A defendant does not waive objections to personal jurisdiction or service of process by removing the action to a federal court").

The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

More than 120 days has passed since this action was removed from state court.  Pursuant to Rule 4(m), I may order the plaintiffs to effect proper service within a specified time.

IT IS ORDERED:

(1)   The plaintiffs shall effect service on the defendants pursuant to Rule 4, Fed. R. Civ. P., and file proof of that service on or before **November 18, 2013**;

(2)   Failure to comply with this order may result in sanctions, including dismissal of the Complaint with prejudice;

(3)   The defendants' Motion to Dismiss [Doc. #13] is DENIED without prejudice; and

(4)   The plaintiffs' Motion to Enter Order [Doc. #21] is DENIED as moot.

Dated November 1, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge