IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00766-RM-BNB

NORMAN TAI, and
CANDIS TAI,

Plaintiffs,

v.

THE INTERNAL REVENUE SERVICE,
SUSAN MEREDITH,
R.A. MITCHELL,
M. COX, and
JASON BLOUCH,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on my order dated November 1, 2013 [Doc. #33].  For the following

reasons, I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT

PREJUDICE.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings.  Haines

v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for *pro se* litigants, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This action was removed from the Garfield County District Court on March 25, 2013.

The plaintiffs are suing the Internal Revenue Service ("IRS") and three Revenue Agents for

causing notices of liens to be recorded and filed in Garfield County, Eagle County, and the

Office of the Secretary of State. *Verified Complaint* [Doc. #1-1], pp. 2-4.[1]  The notices relate to

the IRS's assessment of federal income tax liabilities and penalties for the 2003, 2004, 2005,

2006, and 2008 tax periods. *Notices of Federal Tax Lien* [Doc. 1-1], pp. 34-38.  The plaintiffs

assert that the defendants violated state and federal law, including the Internal Revenue Code

and the Federal Debt Collection Procedure Act.

The plaintiffs are suing an agency of the United States and employees of the United

States. *Complaint*, pp. 1-3.  Rule 4 of the Federal Rules of Civil Procedure provides that service

on the United States and its agencies and employees shall be made as follows:

> (1) United States.  To serve the United States, a party must:
>
> (A)(I) deliver a copy of the summons and of the complaint to the
> United States attorney for the district where the action is
> brought--or to an assistant United States attorney or clerical
> employee whom the United States attorney designates in a writing
> filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the
> civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the
> Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or
> officer of the United States, send a copy of each by registered or
> certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official
> Capacity.  To serve a United States agency or corporation, or a
> United States officer or employee sued only in an official capacity,
> a party must serve the United States and also send a copy of the
> summons and of the complaint by registered or certified mail to the
> agency, corporation, officer, or employee.

---

[1]Citation to the state court documents is to page numbers as assigned by this court's docketing system.

(3) Officer or Employee Sued Individually.  To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(2) and (3).

Under Rule 4(e), Fed. R. Civ. P.:

an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

On May 3, 2013, the defendants filed a motion to dismiss the Complaint [Doc. #13]. They sought dismissal on several bases, including the plaintiffs' failure to effect proper and timely service of process.  The plaintiffs did not respond to the defendants' service of process argument, *Opposition to Motion to Dismiss* [Doc. #20], and they made no showing that they served the defendants pursuant to Rule 4.

On May 21, 2013, the plaintiffs filed a "Certificate of Service and Proof of Delivery"

[Doc. #17] indicating that on March 7, 2013, they complied with the service requirements of

Rule 105.1, Colo. R. Civ. P.  Colorado Rule 105.1 addresses the procedure for challenging

spurious liens.

Section 38-35-204, C.R.S., provides an expedited process to challenge spurious liens.

Section 204 provides in pertinent part:

> 1) Any person whose real or personal property is affected by a
> recorded or filed lien or document that the person believes is a
> spurious lien or spurious document may petition the district court
> in the county or city and county in which the lien or document was
> recorded or filed or the federal district court in Colorado for an
> order to show cause why the lien or document should not be
> declared invalid.

Colorado Rule 105.1 provides that "[t]he petitioner shall issue a notice to respondent

setting forth the time and place for the hearing on the show cause order" and that the notice

"shall be served by the petitioner on the respondent . . .  by (1) mailing a true copy thereof by

first class mail to each respondent at the address or addresses stated in the lien or document . . .

." The limited purpose of the show cause hearing is for the court to determine if the lien is

spurious.[2]  Therefore, the service requirements of Colorado Rule 105.1 are unique to a spurious

lien challenge; service of process for claims other than spurious liens is controlled by Rule 4.

Without proof of service, the court lacks personal jurisdiction over the defendants. See

Oklahoma Radio Associates v. F.D.I.C., 969 F.2d 940, 943 (10th Cir. 1992) (stating that "Rule 4

service of process provides the mechanism by which a court having venue and jurisdiction over

---

[2]A spurious lien is one that "[i]s not provided for by a specific Colorado or federal statute
. . . ." C.R.S. § 38-35-201(4)(a).  Federal tax liens, however, are provided for by 26 U.S.C. §
6321.

the subject matter of an action asserts jurisdiction over the person of the party served").

Moreover, a petition to remove to federal court does not constitute a general appearance

sufficient to waive objections to jurisdiction.  See Barton v. Horowitz, No. Civ. A. 97 N 1980,

1999 WL 502151, at *7 n. 1 (D. Colo. Mar. 11, 1999) (collecting cases); 28 U.S.C. § 1446(b)

("requiring that the notice of removal be filed within 30 days after receipt "through service or

otherwise" of a copy of the initial pleading) and *Commentary on 1988 Revision of Section 1446*,

"Does 30-Day Period for Removing Start from Any Service That Gives Notice, or Only from

Proper Service?" (stating that "[i]f there's a defect of service in the case under state law, the

defendant may raise that issue before the federal court after removal (and seek dismissal based

on it)"); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082

(Civil 3d 2002) ("A defendant does not waive objections to personal jurisdiction or service of

process by removing the action to a federal court").

       The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the
> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

       Because more than 120 days had passed since this action was removed from state court, I

ordered the plaintiffs to effect proper service on the defendants pursuant to Rule 4, Fed. R. Civ.

P., and file proof of that service on or before November 18, 2013.  I warned the plaintiffs that

failure to comply with my order could result in sanctions, including dismissal of the Complaint.

On November 15, 2013, the plaintiffs filed an "Affidavit of Non-Service" on defendants

Meredith, Mitchell, and Cox [Doc. #34].  On November 18, 2013, the plaintiffs filed a copy of

an Affidavit of Service [Doc. #35] which states that on November 15, 2013, the server delivered

to the United States Attorney's Office in Grand Junction, Colorado, an envelope containing (1)

an order to show cause signed by the state court judge; (2) a civil cover sheet; (3) the verified

Complaint; (4) "certification of plaintiffs"; (5) a brief in support of the order to show cause; (6)

exhibits A through H; 97) an Emergency Motion to Quash IRS 2039 Summons; and (8) an order

denying the motion to quash (signed by the state court judge).  In addition, the plaintiffs filed a

blank form for consent by a magistrate judge [Doc. #36], which they titled as a "certificate of

mailing/service re Complaint upon the US Attorney General, Washington, D.C."  Finally, they

filed a response [Doc. #37] to my November 1, 2013, order which summarizes the above-

referenced attempts at service.

The plaintiffs have not submitted proof of proper service of the Summons and Complaint

on any of the defendants.  Accordingly, I respectfully RECOMMEND that the Complaint be

DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. 4(m)  for failure to timely serve

the defendants.[3]

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 2, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge