**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 13-cv-00766-RM-BNB

NORMAN TAI, and
CANDIS TAI,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
THE INTERNAL REVENUE SERVICE,
SUSAN MEREDITH,
MITCHELL COX, and
JASON BLOUCH,

    Defendants.

---

## ORDER
---

    This matter comes before the Court on Magistrate Judge Boyd N. Boland's Recommendation (ECF No. 38) to dismiss Plaintiffs Norman Tai and Cadis Tai's (collectively, "Tais") Complaint (ECF No. 3) for failure to serve timely Defendants the United States of America, the Internal Revenue Service, Susan Meredith, Mitchell M. Cox, and Jason Blouch. Plaintiffs filed a response ("Objections") to the Recommendation within the time permitted for *pro se* parties to file an objection. (ECF No. 41.) Defendants filed a reply to Plaintiffs' Objections. (ECF No. 42.)

    For the reasons set forth below, the Court (1) OVERRULES Plaintiffs' Objections; (2) ADOPTS the Recommendation; and (3) DISMISSES Plaintiffs' Complaint without prejudice.

I.      **LEGAL STANDARDS**

      A.      **Review of the Magistrate Judge's Report and Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

      B.      ***Pro Se* Status**

Plaintiffs are proceeding *pro se*. The Court, therefore, reviews their pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may

not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiffs' *pro se* statuses do not entitle them to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

### C. Service of Process

Rule 4(i) of the Federal Rules of Civil Procedure provides that service on the United States and its agencies and employees shall be made as follows:

(1) *United States.* To serve the United States, a party must:

**(A)**

**(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(1), (2) and (3).

Rule 4(e) of the Federal Rules of Civil Procedure provides that service on an individual within a judicial district of the United States shall be made as follows:

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

## II.    BACKGROUND AND ANALYSIS

No party objects to Magistrate Judge Boland's recitation of the matter's procedural and factual posture. (ECF No. 38.) Accordingly, the Court adopts and incorporates the procedural and factual history included within the Recommendation as if set forth herein.

Plaintiffs, in their objections to the Recommendation, submit that they served Agent Blouch on March 8, 2013. (ECF No. 41 (citing ECF No. 40).) The Court rejects such an averment regarding proof of service. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (holding that issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived) (citations omitted). Proof of service regarding Agent Blouch (ECF No. 40) was filed on December 16, 2013, and Magistrate Judge Boland issued his Recommendation on December 2, 2013 (ECF No. 38).

Plaintiffs do not object to the Recommendation's finding that they did not effectuate and file proper proof of service, *i.e.*, *the Summons* and the Complaint, on or before November 18, 2013 with respect to any Defendant. (ECF No. 38 at 6.)

The Court has reviewed the Recommendation, the Objections, and conducted a *de novo* review of the docket, and concludes that Magistrate Judge Boland's analysis of the issues was thorough and his conclusions were correct. Plaintiffs never complied with Rule 4 of the Federal Rules of Civil Procedure and service pursuant to Rule 105.1 of the Colorado Rules of Civil

Procedure is inapplicable in this matter as at issue are federal tax liens, 26 U.S.C. § 6321. *See* Colo. Rev. Stat. § 38-35-201(4)(a).

**III.     CONCLUSION**

Based on the foregoing, the Court:

(1)     OVERRULES Plaintiffs' Objections (ECF No. 41);

(2)     ADOPTS the Recommendation (ECF No. 38); and

(3)     DISMISSES without prejudice the Complaint (ECF No. 3).

DATED this 10th day of February, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge